CABELL, J.,
delivered the opinion of the court. There is nothing in the will of Charles Farmer, to restrain the legal effect of the word “heirs,” so as to make his sisters take an estate for life only, and their children or next of kin to take by purchase. The sisters took a fee simple in the real estate, and the absolute property in the personal estate, devised and bequeathed to their use. The decree is, therefore, erroneous, so far as it restricts the interests of the sisters to their lives only, and gives it to their children afterwards.”
But, although it was the intention of the testator to give his sisters an interest equivalent to a fee simple, he did not intend to vest in them the Legal estate, nor to give them the actual management of the property: he chose to vest the legal title in the hands of trustees, and to give them the management of the property, according to their discretion, for the uáe and benefit of his sisters. This is a disposition which the testator had a right to make: and it ought not to be wantonly broken in upon. Our statute does not execute *uses created by will;* we having no general statute of uses. It is true that a court of equity may, on its own original principles, direct a trustee to convey the legal title to the cestui que trust, whenever it may be proper that that shall be done; as in the case of a naked use. But this power is to be exercised according to a sound discretion; and the court ought to refuse to exercise it, when, as in the present case, it was manifestly the intention of the testator, that the management of the property should be at the discretion of the trustees, and not of the cestuis que trust. The decree *should, therefore, have directed a division of the prop-ertjr, and an assignment of one fourth part of the four fifths of the subject, intended by the testator for his four sistets, in severalty, to the trustees, to be held b3r them for the use and benefit of each of the four sisters, respectively, and their heirs forever, and managed by them as they shall think most conducive to the interest of the cestui que trust; reserving a right to the parties to apply to the court, from time to time, for farther directions, which future events may render necessary or proper; for it would be premature to give anjr opinion, at present, as to the powers, which the testator’s sisters, or their husbands, may have over their equitable interests.
So fhuch of the decree as conflicts with this opinion is to be reversed, and the cause remanded -to the court of chancery to be farther proceeded in according to the principles here declared.

This general proposition advanced by the learned judge arguendo, though founded on the words of our statute of uses, yet seems somewhat questionable; and as it may, in its application to other cases very different in their circumstances from this, be found inconvenient, it may not be improper, with all defence, to state the doubt. The words of the statute are; “By deed of bargain andsale, or by deed of lease and release, or by covenant to stand seized to use, or deed operating by way of covenant to stand seized to use, the possession of the bargainor, releasor, or covenantor, shall be deemed heretofore to have been, and hereafter to be. transferred to the bargainee, releasee, or person entitled to the use, for the estate and interest which such person hath or shall have in the use, as perfectly as if the bargainee, releasee, or person entitled to the use, had been enfeoffed with livery of seisin of the land intended to be conveyed by such deed or covenant.” 1 Rev. Code, ch. 99, § 29, p. 370. A devise of lands is a conveyance, but not one of the conveyances specified by the statute; nor do its words embrace a conveyance by feoffment, any more than a conveyance by devise, to use. Then, suppose the case of a feoffment, or a devise, to one to the use of another, simply and generally, without any discretion or control entrusted to the feoffee or devisee to use, the question would be, whether the statute would not execute the use. and give the legal estate to the cestui que use directly, without any formal conveyance to him by the feoffee or devisee to use? or would the estate of the cestui que use be only an equitable estate, so that he could not assert his right in an action at law. in his own name, upon the strength of the feoffment or devise alone? If such a case be not within the letter, is it not within the equity, of this remedial statute? If it be not, it will be for the legislature to consider, whether it will be wise to make the statute more comprehensive. As to personal estate, the statute certainly has no application to that; but, in the case of a gift or bequest of a chattel to one for the use of another: if nothing is required to be done with the subject by the trustee; if his intervention be nowise necessary to accomplish the declared purposes of the gift; the cestui que trust, I apprehend, is entitled to the possession, and the gift of the entire absolute use of a chattel, in whatever form, is equivalent to a gift of the thing itself. — Note in Original Edition.